# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

AMERICOM AUTOMATION SERVICES, INC.,

      Plaintiff,

v.                                                                    CV 13-0470 MCA/WPL

METROPOLITAN ELECTRICAL
CONSTRUCTION, INC.

      Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO STAY

AmeriCom Automation Services, Inc. ("AmeriCom") has moved for a stay of proceedings in this case, arguing that any action here may end up being duplicative and wasteful since a parallel action has been filed in the Northern District of California. (Doc. 12; *see also* Doc. 15 (reply).) Metropolitan Electrical Construction, Inc. ("Metropolitan") opposes the motion, contending that any stay would be prejudicial to any future motion to transfer venue in this case to the Northern District of California. (Doc. 14.) Having considered the filings and the relevant law, I conclude that a stay of proceedings in this action is warranted and that AmeriCom's motion should be granted.

### BACKGROUND

Without going into too much detail regarding the underlying facts, this suit concerns a contract formed by the parties in April 2012 in which Metropolitan agreed to perform services as a subcontractor for AmeriCom. (Doc. 1 Ex. A at 1; Doc. 10 at 3.) Although it is beyond the scope of this Order to determine exactly how or why the present dispute arose, the exhibits to the parties' filings make it clear that by April 2, 2013, AmeriCom had terminated the contract and

both parties were on notice that a dispute did in fact exist. (*See, e.g.*, Doc. 1 Ex. A at 3; Doc. 1 Ex. D.)

AmeriCom, a New Mexico corporation with its principal place of business in Dona Ana County, New Mexico, originally filed the complaint in this action in the Third Judicial District Court of New Mexico (located in Dona Ana County) on April 5, 2013. (Doc. 1 Ex. A.) AmeriCom alleges that Metropolitan failed to adequately fulfill its obligations under the contract and that Metropolitan misrepresented the work that it had already performed. (*Id.* at 2-3.) AmeriCom also contends in the complaint that the contract provides for venue in New Mexico state court over any contract disputes. (*Id.* at 2.)

Metropolitan did not file any answer or motions in New Mexico state court. Instead, on May 21, 2013, Metropolitan filed its own complaint against AmeriCom in the Northern District of California, case number 13-cv-2317-KAW, before the Honorable Kandis A. Westmore. (*See* Doc. 12 at 1; Doc. 14 at 1.) AmeriCom has alleged, and Metropolitan does not appear to deny, that both complaints seek resolution of the same contract dispute. (*See* Doc. 12 at 2; *see also* Doc. 14 Ex. A (Metropolitan's response to AmeriCom's motion to dismiss in the California case).)

The next day, Metropolitan removed the complaint in the instant action to this Court. (Doc. 1.) On May 31, 2013, Metropolitan filed an answer in this case in which it denies that the contract called for venue in New Mexico over disputes such as this one. (*See* Doc. 10 at 2 (denying, in paragraph 5, AmeriCom's allegations regarding venue).)

On June 19, 2013, AmeriCom filed a motion in the Northern District of California to dismiss the action in that court, arguing there that the "first-to-file" rule weighs in favor of a dismissal of that parallel case. (Doc. 12 Ex. 2 at 4-5.) AmeriCom also asserted there that

Metropolitan has effectively sought to transfer venue to that court "without the burden of persuading the Court in the New Mexico Lawsuit of the merits of any objections to the forum in New Mexico." (*Id.* at 3.) In response to that motion, Metropolitan argued that the instant action was an anticipatory lawsuit, rendering the first-to-file rule inapplicable to the California case. (Doc. 14 Ex. A at 7-9.) Metropolitan then proceeded to apply the standards for a motion to transfer venue under § 1404, contending that the analysis is relevant to its argument that Judge Westmore should disregard the first-to-file rule for reasons of convenience. (*Id.* at 9-17.) A hearing on the motion to dismiss in the Northern District of California is scheduled for August 1, 2013. (Doc. 12 Ex. 1 at 1.)

On June 20, 2013, AmeriCom filed the instant motion in this Court, requesting a stay of proceedings until Judge Westmore has ruled on its motion to dismiss the California case. (Doc. 12.) AmeriCom argues that "the prejudice to [it] in having to argue overlapping legal issues in two proceedings" counsels in favor of a stay, particularly in light of the fact that Metropolitan chose to file a second lawsuit in the Northern District of California instead of first litigating the issue of venue in this Court. (*Id.* at 3.) Because AmeriCom indicated that Metropolitan opposes a stay (*id.*), I vacated the Initial Scheduling Conference set for July 22, 2013, and related deadlines so that the parties could fully brief this matter (Doc. 13).

In response to the instant motion, Metropolitan states that it plans to move for a transfer of venue to the Northern District of California under 28 U.S.C. § 1404(a). (*See* Doc. 14 at 3.) Accordingly, Metropolitan says it would be prejudiced by any stay that does not allow it "to expeditiously seek a transfer" regardless of how the California motion is resolved. (*Id.*) To date, Metropolitan has not filed a motion to transfer venue in this case, and it has not given any indication as to when it plans to do so.

3

### DISCUSSION

"[T]he district court has the power . . . to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.'" *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). Accordingly, the decision to issue a stay rests within the sound discretion of the trial court, which must balance the competing interests of the litigants. *See Landis*, 299 U.S. at 254-55; *cf. Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Factors such as judicial economy and efficiency, the interests of persons not parties to the lawsuit, and public interest may also be relevant to a court's decision to grant or deny a stay. *See Carrillo v. Hickenlooper*, Civ. A. No. 12-cv-2034-WJM-MEH, 2013 WL 444421, at *1-2 (D. Colo. Feb. 4, 2013) (unpublished) (citations omitted); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Kozeny*, 115 F. Supp. 2d 1243, 1247 (D. Colo. 2000) (considering similar factors in granting a stay where the parties pursued parallel litigation in London), *aff'd sub nom. In re Kozeny*, 236 F.3d 615 (10th Cir. 2000).

Both parties have an interest in moving this case forward in an expeditious manner. Notably, this Court not only has a similar interest in moving cases forward, it has a mandate to do so. *See* 28 U.S.C. § 473(a)(2)(B) (compelling district courts in most cases to set deadlines for discovery and motions and to set "early, firm trial dates" so that delays in litigation may be reduced); *cf.* D.N.M.LR-Civ. 41.1 (providing that the Court may dismiss a civil action if no steps are taken to move the case forward within ninety calendar days).

That said, I am sympathetic to AmeriCom's argument that it would be potentially wasteful and unnecessarily expensive, for both the parties and the Court, to proceed with discovery or duplicative motion practice in these parallel proceedings. Although the existence of two proceedings covering the same dispute in separate jurisdictions does not by itself justify a

stay, *see In re Kozeny*, 236 F.3d at 617, it is undeniable that the outcome of AmeriCom's motion in the Northern District of California could affect proceedings in this Court. Notably, both parties have requested, as an alternative to dismissal, that Judge Westmore consider transferring that action to this Court. (Doc. 12 Ex. 2 at 9; Doc. 14 Ex. A at 17.) If that matter is ultimately to end up before this Court, either as a separate case or as a consolidated matter, it would be better for the Court and the parties to be aware of this fact before setting pretrial deadlines and discovery parameters, rather than wasting resources on early proceedings that may be impacted by Judge Westmore's decision.

Metropolitan argues that it would be prejudiced by any stay that would delay the consideration of a motion to transfer venue. (Doc. 14 at 3.) For two reasons, I do not find this argument persuasive. First, despite having removed this case almost two months ago, and despite having already applied the factors for a § 1404(a) transfer (albeit with a focus on Ninth Circuit caselaw) to the underlying facts in its response to the motion to dismiss in the California case (*see* Doc. 14 Ex. A at 9-17), Metropolitan has yet to move for such a transfer in this Court. At this point, Metropolitan's motion for a transfer of venue is completely hypothetical. Second, although Judge Westmore's decision regarding the first-to-file rule would not bind this Court to rule one way or the other on a motion to transfer venue, the Court will certainly consider her reasoning, to the extent that it is persuasive, in reaching its own decision on any such motion. Out of interests of comity and respect for our sister jurisdiction, and in light of the fact that the parties have brought these arguments before the Northern District of California before bringing them to this Court, it would be reasonable to reserve ruling on any motion to transfer while Judge Westmore considers the relevant filings. Thus, even if I were not to grant a stay, the delay that

Metropolitan fears will probably occur either way, as it is not likely that the Court would reach a decision on any motion to transfer until Judge Westmore addresses the similar issues before her.

To be clear, this Court does not make a practice of waiting for other district courts to rule on the legal questions that may come before it. This Court, like the others, has many cases to manage and a strong interest in moving them forward. That said, the fact remains that a relevant motion is before the Northern District of California, while a motion on similar matters has not yet been filed in this Court. Judge Westmore will almost certainly hold a hearing on the motion to dismiss long before the parties have fully briefed any motion to transfer in this Court. Had the parties filed and briefed a motion to transfer here before filing and briefing the motion to dismiss in the Northern District of California, I do not doubt that Judge Westmore would be inclined to wait on this Court's decision before ruling on the motion before her. Considering the posture of both cases, I will not complicate the dockets of two federal courts by allowing briefing to proceed on two similar questions in both courts simultaneously.

Finally, I am not persuaded by Metropolitan's argument that a stay in this action would put both cases in some sort of legal "limbo" if Judge Westmore were to defer to this Court's decision on a motion to transfer. (*See* Doc. 14 at 3-4.) Aside from the fact that no such motion is before this Court at this time, I am confident that either this Court or the Northern District of California will be capable of moving forward once it becomes aware that the other court is waiting for it to rule on a motion.

## CONCLUSION

AmeriCom's motion is granted, and all proceedings in this case are hereby stayed until the Northern District of California has ruled on AmeriCom's motion to dismiss in the California case. The parties are responsible for submitting to this Court a true and correct copy of any such

decision or ruling within **ten (10) days** of that court's decision. The parties shall also file a request for a Rule 16 scheduling conference by that deadline.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.

7